[Cite as *State v. Berk*, 2024-Ohio-1218.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 23AP-518 |
| | | (C.P.C. No. 85CR-0067) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Otto Berk, III, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 29, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Seth L. Gilbert*.

**On brief:** *Otto Berk, III*, pro se.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Otto Berk, III, appeals the judgment of the Franklin County Court of Common Pleas issued on August 7, 2023 denying his motion for relief from judgment. For the following reasons, we affirm.

### I. Facts and Procedural History

{¶ 2} Mr. Berk was convicted of aggravated murder in 1985 for the death of his ex-wife, Vicki Berk. This court affirmed the jury verdict and trial court judgment on appeal. *See State v. Berk*, 10th Dist. No. 85AP-720, 1986 Ohio App. LEXIS 5597 (Feb. 11, 1986). In 2019, Mr. Berk filed a motion for leave to file a motion for new trial and a motion for new trial pursuant to Crim.R. 33(A)(6), citing the discovery of new evidence that bolstered the self-defense claim he raised at trial. *State v. Berk*, 10th Dist. No. 21AP-121, 2022-Ohio-

2297, ¶ 3-8 ("*Berk II*"). The trial court denied both of these motions in an entry issued on February 11, 2020. *Id.* at ¶ 7.

{¶ 3} Instead of appealing this entry, Mr. Berk filed a motion for relief from judgment under Civ.R. 60(B)(1) and (2) from the trial court's February 11, 2020 order nearly a year later, on February 9, 2021. He renewed this motion again on February 11, 2021. *Id.* at ¶ 9. The trial court recast the motions as petitions for postconviction relief and denied them in a February 26, 2021 order. *Id.* at ¶ 10. The trial court denied the petitions as untimely, but noted, in the alternative, that they would be barred by res judicata if they were decided under Civ.R. 60(B). *Id.*

{¶ 4} Mr. Berk appealed, and we affirmed the trial court's February 26, 2021 order in *Berk II*. However, because "the motions themselves did not claim a denial of constitutional rights or seek to render the judgment void," we reviewed the motions under the framework they were originally brought, as motions for relief from judgment pursuant to Civ.R. 60(B). *Id.* at ¶ 16. We determined the motions were barred by res judicata "because the issues raised in this appeal could have been raised on direct appeal from the trial court's [February 11, 2020] entry denying appellant's motion for leave and motion for new trial." *Id.* at ¶ 23.

{¶ 5} On June 9, 2023,[1] Mr. Berk moved the trial court for relief from judgment under Civ.R. 60(B)(3), which the trial court recast again as a petition for postconviction relief. (Aug. 7, 2023 Decision and Entry.) In its decision, the trial court found the motion was time-barred and did not meet the jurisdictional criteria set forth in R.C. 2953.21(A) for untimely postconviction relief. (*Id.*) The trial court additionally found that the motion would be barred by res judicata if construed as a motion for relief from judgment under Civ.R. 60(B). (*Id.*) It is from this order that Mr. Berk brings his timely appeal.

## II. Assignments of Error

{¶ 6} Mr. Berk assigns the following errors for our review:

> [I.] The first assignment of error is the Trial Court, hereafter known as the lower Court erred, when on 8-7-2023, (this date

---

[1] On June 23, 2023, Mr. Berk filed a motion to amend his June 9, 2023 motion by replacing the phrase "a new trial" with the word "relief" on the eighth page of his motion. Because the trial court uses both the singular and plural form of motion in its August 7, 2023 decision, we note this in order to avoid confusion with subsequent motions filed by Mr. Berk that are not before us on appeal.

will apply to all assignments of error) it denied appellant's, Civil Rule 60 (B) (3) Fraud Motion for Relief from Judgment or Order based on the State's conclusion of what appellant's motion is.

[II.] The second assignment of error is the lower Court not addressing the State and U.S. Constitution violations committed by the State in 1985.

[III.] The third assignment of error is the lower Court not holding a hearing as is required by Ohio R.C. 2953.22 when a defendant is proactive by requesting one.

[IV.] The fourth assignment of error is the lower Court's inappropriate development of a pattern of showing bias in favor of the State from July 12, 2019 til Aug. 7, 2023 which has been demonstrated in the arguments in the three foregoing assignment of errors.

## III. Discussion

{¶ 7}   As an initial matter, we note the disagreement between Mr. Berk and the state as to whether the trial court correctly construed Mr. Berk's motion as a petition for postconviction relief.  In their response to Mr. Berk's motion for relief from judgment, the state argued the motion should be recast as a postconviction petition because it seeks to vacate his conviction due to an alleged constitutional error.  (June 28, 2023 Memo Contra to Mot. for Relief at 1.)  The trial court agreed, which Mr. Berk contends was error.  We note that because Mr. Berk is not entitled to relief under either basis, it was not prejudicial for the trial court to recast the motion.

{¶ 8}   In *Berk II*, this court declined to construe Mr. Berk's motion for relief from judgment as a petition for postconviction relief because the motion sought relief from the order denying his motion for leave to file a new trial.  *Berk II* at ¶ 16.  On the other hand, in the instant case, Mr. Berk's June 9, 2023 motion sought relief under Civ.R. 60(B)(3) because the state, prior to the commencement of trial, "took away [his] only defense, depriving [him] of a fair trial, a constitutional guarantee, and committed fraud and misconduct by withholding the three page Night Prosecutor Complaint Form."  (June 9, 2023 Mot. for Relief at 4.)  Thus, Mr. Berk's June 9, 2023 motion sought relief due to alleged constitutional violations that he claimed resulted in his conviction at trial.

{¶ 9}   To the extent we consider the motion as a petition for postconviction relief, we affirm the trial court's judgment. R.C. 2953.21(A)(1)(a) gives an individual convicted of a criminal offense the right to petition the sentencing court for relief if the violation of a constitutional right could have affected the verdict.  The time limit to seek such relief is jurisdictional, and thus the sentencing court may not grant or deny an untimely petition unless the defendant satisfies two conditions set forth in R.C. 2953.23(A).  *See State v. Garnett*, 10th Dist. No. 11AP-1007, 2012-Ohio-5471, ¶ 10.  In relevant part, a petitioner must demonstrate (1) he or she was unavoidably prevented from the discovery of facts needed to present the claim for relief and (2) by a showing of clear and convincing evidence, no reasonable fact finder would have rendered the guilty verdict but for the constitutional error at trial.  R.C. 2953.23(A)(1).  "A petitioner may make the required showing either by establishing a violation under *Brady* [*v. Maryland*], 373 U.S. 83, * * * or by demonstrating that he was previously unaware of the evidence on which the petition relies and could not have discovered it by exercising reasonable diligence."  *State v. Johnson*, ___ Ohio St.3d ___, 2024-Ohio-134, ¶ 18.

{¶ 10} If construed as a petition for postconviction relief, Mr. Berk's filing is untimely under R.C. 2953.21(A)(2)(a).  Therefore, he must meet both of the R.C. 2953.23(A)(1) requirements for his petition to be considered.  *See Johnson* at ¶ 12.  The evidence central to Mr. Berk's argument is the "Night Prosecutor Complaint Form," dated June 12, 1984. (June 9, 2023 Mot. for Relief, Ex. B.)  The report contains Ms. Berk's account of Mr. Berk entering her home and assaulting her with an axe handle on June 9, 1984.  (*Id*.)  Mr. Berk argues this report, which he did not receive in discovery at the time of trial, lends support to his theory of self-defense because it showed Ms. Berk's "malice" toward him. (June 9, 2023 Mot. for Relief at 2.)

{¶ 11} However, Mr. Berk fails to demonstrate how he was unavoidably prevented from the discovery of facts derived from this evidence, nor how this evidence would have changed the outcome at trial.  As this court noted in *Berk II*, Mr. Berk was aware of the June 12, 1984 report filed by Ms. Berk because the prosecutor's office contacted him to discuss it on June 19, 1984.  In his motion for new trial filed on July 12, 2019, Mr. Berk conceded "[t]his incident concerning the false complaint [Ms. Berk] filed is not in and of itself new evidence." (July 12, 2019 Mot. at 5.)  Even if Mr. Berk did not receive a copy of

the report itself during discovery, he was aware of the facts contained in the report and, on appeal, makes no allegations to the contrary. Because Mr. Berk's June 9, 2023 filing was not timely and Mr. Berk has not satisfied the conditions required to overcome this bar if his filing is construed as a petition for postconviction relief, we find the trial court properly dismissed Mr. Berk's petition.

{¶ 12} Nor can Mr. Berk demonstrate error if we consider the June 9, 2023 filing under Civ.R. 60(B)(3).[2] "Civ.R. 60(B) sets forth several grounds upon which a trial court may grant relief from a final judgment." *State v. Randlett*, 10th Dist. No. 06AP-1073, 2007-Ohio-3546, ¶ 10. Civ.R. 60(B)(3) permits relief for "[f]raud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." Mr. Berk argues the state committed fraud by withholding the June 12, 1984 report, which he describes as "crucial exculpatory evidence." (June 9, 2023 Mot. for Relief at 2.) "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "The moving party must satisfy all three prongs of the test." *Scruggs* at ¶ 22. A trial court has complete discretion in determining whether to grant or deny a Civ.R. 60(B) motion. *Randlett* at ¶ 12.

{¶ 13} Mr. Berk argues the motion seeking relief under Civ.R. 60(B)(3) is timely because it was filed "within 120 days of the end of the litigation" of the Civ.R. 60(B)(1) and (2) motion he brought in 2021. (June 9, 2023 Mot. for Relief at 12.) This is a misunderstanding of the timeliness requirement. Mr. Berk seeks relief "from the judgment and order of [his] July 18, 1985 aggravated murder conviction." (*Id.* at 1.) His June 9, 2023 motion was plainly filed more than one year after the July 18, 1985 judgment was rendered.

---

[2] Although Civ.R. 60(B) motions for relief from judgment are generally filed only in civil cases, we note that, "on occasion courts, including this court, have considered Civ.R. 60(B) challenges in criminal cases." *State v. Scruggs*, 10th Dist. No. 02AP-621, 2003-Ohio-2019, ¶ 18.

The timing of Mr. Berk's previous motion for relief from judgment has no bearing on the timeliness of his present motion.

{¶ 14} Furthermore, Mr. Berk does not attempt to argue he has met the elements required for relief under Civ.R. 60(B). The purportedly undisclosed evidence does not contain sufficient operative facts to demonstrate that Mr. Berk has a meritorious claim or defense to present if relief is granted. Mr. Berk argues this report would have supported a self-defense claim but he does not explain how the document itself establishes Ms. Berk's malice.

## IV. Disposition

{¶ 15} Construed as either a petition for postconviction relief or as a motion for relief from judgment, Mr. Berk is not entitled to relief on the basis of the undisclosed June 12, 1984 report. Having overruled Mr. Berk's first assignment of error, we deny the remaining assignments of error as moot, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and BOGGS, JJ., concur.

————————————